```
                        UNITED STATES DISTRICT COURT
                         DISTRICT OF MASSACHUSETTS
```

|                              |   |                              |
|------------------------------|---|------------------------------|
| JAMES M. ROBERTSON,          | ) |                              |
|                              | ) |                              |
|    Plaintiff, | ) |                              |
|                              | ) |                              |
|    v.         | ) | Civil Action No. 17-11164-LTS |
|                              | ) |                              |
| UNITED STATES GOVERNMENT,    | ) |                              |
|                              | ) |                              |
|    Defendant. | ) |                              |

<u>ORDER</u>

October 26, 2017

SOROKIN, D.J.

For the reasons stated below, the Court dismisses this action without prejudice.

**I.      Background**

James Robertson, proceeding *pro se*, filed this action in which he asks for correction of his military record. He represents that if his dates of service were corrected, he would be eligible for a military pension.

In the body of the complaint, he provided a street address of 157 West Thames Street in Norwich, Connecticut. The Clerk used this address for the case docket. Robertson also used the address 576 West Thames Street in Norwich, Connecticut on the signature line of the local category sheet.

Robertson filed his complaint without paying the $400 filing fee or filing a motion for leave to proceed *in forma pauperis*. In an order dated September 1, 2017, the Court directed him to pay the fee or seek indigent status. The order warned Robertson that failure to comply with the order by September 22, 2017 could result in dismissal of the action. The Clerk sent a copy of this order to Robertson using the address on the docket (157 West Thames Street, Norwich

Connecticut). Eleven days later, the copy of the order that the Clerk had mailed to Robertson was returned as undeliverable. Robertson has not filed anything since the Court's September 22, 2017 order on the filing fee.

## II. Discussion

Robertson's failure to comply with the filing fee order is sufficient ground for dismissing this case. Although the Court infers from the returned mail that Robertson never learned of the filing fee order, it is the plaintiff's responsibility to provide the Clerk with a proper address for service, *see* District of Massachusetts Local Rule 83.5.5(e), (h), and the Clerk was entitled to rely on the address that Robertson used in the complaint.

Even if the filing fee had been resolved, there another impediment to this action: Robertson's apparent failure to exhaust his administrative remedies by asking the Army Board for Correction of Military Records. In 2015, Robertson filed a complaint virtually identical to the present pleading. The 2015 case was dismissed based on the plaintiff's failure to first seek relief from the Army Board for Correction of Military Records. *See Robertson v. U.S. Federal Government*, C.A. No. 15-10432-LTS (D. Mass.). In the present action, Robertson does not explicitly or even implicitly indicate that he has exhausted his administrative remedies since the dismissal of the 2015 case.

## III. Conclusion

Accordingly, this action is DISMISSED WITHOUT PREJUDICE. The Clerk shall send a copy of this order to Robertson at the address on the docket and the address he provided on the local category sheet.

SO ORDERED.

/s/ Leo T. Sorokin
UNITED STATES DISTRICT JUDGE